O'NEAL v. STATE.

(Division B. March 13, 1933.)

[146 So. 634. No. 30378.]

Hugh B. Miller and Sim G. Salter, both of Hazlehurst, for appellant.

540

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

Argued orally by **Sim G. Salter,** for appellant, and **W. D. Conn, Jr.,** for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, O'Neal, was convicted of petit larceny, the original affidavit before the justice of the peace, leaving off the formal parts, reading as follows: "That on or about the 29th day of March, 1932, in aforesaid county and state, and in justice district No. 4, that C. E. O'Neal did wilfully, unlawfully, feloniously, take, steal out of the cold frame of affiant about two thousand five hundred tomato plants valued at thirty-five dollars." The justice of the peace convicted the appellant of petit larceny, and he appealed to the circuit court where the affidavit was demurred to; the demurrer sustained, and on motion of the district attorney the affidavit was amended to read as follows: "That on or about the 29th day of March, 1932, in aforesaid county and state and justice district number 4 that C. E. O'Neal did then and there wilfully, unlawfully and feloniously take, steal and carry away approximately three thousand five hundred tomato plants of the value of seventeen dollars of the personal property of J. M. Hodges."

The appellant was, thereupon, put to trial, and the jury returned a verdict of guilty as charged and he was sentenced to pay a fine of one hundred dollars and serve ninety days in jail, from which conviction he appeals here.

At the conclusion of the evidence, the appellant moved for a peremptory instruction which was overruled and exception taken. He also requested a peremptory instruction in writing which was refused.

It will be seen from the foregoing affidavit that the appellant was charged with petit larceny under section

1010, Code of 1930, which is the statutory enactment of the common law. The proof in the case showed that the plants alleged to have been stolen were attached to and growing in the soil, and that they were severed therefrom by the person taking them from the soil of Hodges, the owner of the plants, as alleged in the affidavit.

Hodges, the owner of the plants, testified that they were not severed until they were taken.

The proof, therefore, makes a crime under section 1014, Code of 1930, which is a statutory larceny, but which was not larceny at common law.

Sections 1010 and 1014, Code of 1930, are separate statutes. They contain separate and distinct elements to constitute crime. Therefore, there was a failure to prove the offense charged in the affidavit; but, so far as the offense was proven, that is, the state's proven testimony, it showed a different offense. Consequently, the conviction in this case could not be pleaded as res adjudicata against a new trial under section 1014, Code of 1930.

Section 1190, Code of 1930, provides that: "Where a defendant is acquitted of a criminal charge upon trial on the ground of a variance between the indictment and proof, or upon exception to the form or substance of the indictment or record, he may be tried and convicted upon a subsequent indictment for the offense actually committed, notwithstanding such acquittal; and it shall be the duty of the court to order the accused into the custody of the proper officer."

It was, therefore, the duty of the court below to have granted the peremptory instruction requested, but to hold the accused under his bond for such further proceedings as the proper authorities should institute. The judgment, therefore, will be reversed, and the accused will be held on his bond to answer such further proceedings as, under section 1014, Code of 1930, the prosecuting authorities may see proper to issue.

Reversed and dismissed, and appellant held on his bond.