HAYNES *v.* STATE.

(Division A.  Dec. 6, 1937.)

[177 So. 360.  No. 32875.]

M. R. Black, of Flora, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Argued orally by **M. R. Black**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**McGowen, J.**, delivered the opinion of the court.

On a charge of burglary, the appellant, Haynes, was convicted by a jury and sentenced to serve five years in the penitentiary, from which he appeals here. The indictment charged that appellant "did then and there wilfully, unlawfully, feloniously and burglariously break and enter the dwelling house of Mrs. E. Hollingsworth," and was evidently drawn under section 812, Code 1930.

The main assignment of error here is that the court below erred in refusing the peremptory instruction asked for by appellant, because there was a fatal variance between the evidence offered and the language of the indictment, in that the proof showed that on the night

of the burglary the house alleged to have been burglarized was not the dwelling house of Mrs. Hollingsworth.

The evidence on this point is about as follows: On the day before the night the house was burglarized, Mrs. Hollingsworth had removed her household goods, with a few exceptions, from this house and had removed to another place, and on the following day the appellant was found in possession of the articles which had been left in the vacated house, and there was evidence that the house had been burglarized.

Mrs. Hollingsworth testified that she had removed from, and had abandoned, the house as a dwelling, with no intention of living there any more. She had paid rent for a period beyond the date she removed from the house and intended to return the next day and remove the articles left there.

We are of the opinion that the evidence shows that Mrs. Hollingsworth had no animo revertendi. The house was no longer her dwelling house, and the evidence is clear that she had no intention to again occupy it. There was no dispute as to this evidence, which shows that the house had lost its character as a dwelling house within the meaning of our statute on the subject. A temporary absence will not destroy the character of a house as a dwelling house, but it must appear that the occupant left the house animo revertendi. The building in the case at bar ceased to be a dwelling house. Scott v. State, 62 Miss. 781; Draughn v. State, 76 Miss. 574, 25 So. 153; 9 Am. Jurisprudence, section 22; 4 R. C. L. 426.

The variance here was fatal. The house had lost its character as a dwelling house when the occupant left it with no intention of returning, and the fact that she had not completed the removal of her household goods therefrom does not operate to make it a dwelling house.

Mrs. Hollingsworth had locked the house and left it with no intention of returning.

Reversed and remanded.