WOODS *v.* STATE.

(Division A. Oct. 9, 1939.)

[191 So. 283. No. 33695.]

G. C. Moreland, of Corinth, for appellant.

464

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Griffith, J.,** delivered the opinion of the court.

Appellant was indicted and convicted under the charge of the burglary of a dwelling house. The undisputed proof showed that the house in question, although intended for a dwelling house, had been only recently erected and had not yet been occupied as a dwelling. It was vacant.

Appellant relies on Haynes v. State, 180 Miss. 291, 177 So. 360, wherein the court held that a house from which the occupants had permanently removed on the day before the night of the burglary was not a dwelling at the time of the commission of the alleged crime; and that proof of the burglary of such a house would not sustain the conviction under an indictment charging the burglary of a dwelling. Appellant submits that if a house from which the occupants have permanently removed is not a dwelling house within the statutes on burglary, then, upon the same reasoning, a house into which no dwellers have ever yet moved is not a dwelling house; and in this contention appellant is clearly correct.

The State suggests that appellant did not specifically raise this point in the trial court, and that, therefore, he cannot for the first time raise it here. This contention overlooks the fact that appellant requested and was refused a peremptory instruction. This is precisely the manner or procedure by which the point was raised, and

was sustained, in Haynes v. State, supra, and it was adequate to that end in such a case.

The request for a peremptory instruction takes the place of a demurrer to the evidence and is governed generally by the same rules. 6 Ency. Pl. & Pr., p. 692; 64 C. J., pp. 372-4; Swan v. Liverpool, etc., Ins. Co., 52 Miss. 704; Anderson v. Cumberland, etc., Co., 86 Miss. 341, 38 So. 786. But there is much in our present statutes and in some of our decisions to indicate that such a request will not avail to raise the question of a variance between the allegations and the proof where the pleadings or the indictment could have been amended during trial or at the close of the evidence so as to conform to the proof—that such a question must be raised by objections to the testimony, or by a motion to exclude or by some other procedure which specifically admonishes the opposite party that the variance is being relied on—giving thereby the opportunity to amend.

We decide nothing here as to the point of practice last above mentioned; but we do say that a request for a peremptory instruction is available and is sufficient to raise the point that the proof is not sufficient to sustain the charge as laid in the indictment when an amendment is not allowable to make the indictment conform to the proof; for, obviously, if the amendment to conform to the proof cannot be made, there is no object to be accomplished in giving an opportunity to amend, which when given cannot be availed of under the law.

And this presents the question whether an indictment charging the burglary of a dwelling can be amended during the trial so as to make it charge the burglary of some house other than a dwelling house; and that question we must answer in the negative. An indictment cannot be amended at the trial so as to change the identity of the offense, Blumenberg v. State, 55 Miss. 528, and and the burglary of a dwelling is an offense separate and distinct from that of the burglary of an unoccupied house, although both belong to the same class of felonies.

They are dealt with under separate statutes, and these statutes contain separate and distinct elements to constitute the crimes therein denounced. Secs. 812 and 817, Code 1930. Compare O'Neal v. State, 166 Miss. 538, 542, 146 So. 634. There is authority that goes so far as to hold that a burglary in the daytime is an offense distinct from a burglary at night. State v. Sowell, 85 S. C. 278, 67 S. E. 316.

Reversed and remanded.