WILLIAMS *v*. STATE.

Division A.  Jan. 14, 1952.

No. 38314 (56 So. (2d) 10)

**H. B. Cubley,** for appellant.

40

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Lee, J.**

Dick Williams was convicted of the crime of burglary and was sentenced to serve a term of one year in the state penitentiary. From the judgment and sentence, he appeals.

The building in question was a residence, and was owned by Hubert Swan. After its purchase from one Hartfield, who had moved out, Swan was making alterations before moving in. The proof by the State, which consisted of evidence by a coindictee and corroborating circumstances, was ample to show that the building was burglarized, and that Williams was guilty.

The appellant contends that the trial court erred in refusing his requested peremptory instruction on account of an alleged variance between the allegations of the indictment and the proof, namely, that the indictment charged the burglary of a dwelling, whereas the proof showed that no one was living in the house at the time.

Section 2036, Code of 1942, pertains to the burglary of inhabited dwellings, where the intent is to commit some crime therein. Section 2038, Code of 1942, pertains to the burglary of dwellings generally, where the intent is to commit some crime therein. Section 2043, Code of 1942, pertains to burglaries elsewhere than in dwellings. It enumerates various places, as shop, store, etc., "or other building * * * in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation, *with intent to steal therein, or to commit any felony * * *.*"

The indictment, omitting the formal parts, charged that the appellant "did then and there willfully, unlawfully, feloniously and with force and arms *burglariously break and enter a certain building, to-wit; a dwelling house,* the property of Hubert Swan, with the felonious and burglarious intent of them, the said defendants, then and there to take, steal, and carry away the goods, wares, and personal property of the said Hubert Swan, *which said goods, wares and personal property were then and there of value and were kept in said dwelling for use and deposit,* \* \* \*''. (Emphasis supplied.)

Thus, the indictment charged the burglary of "a certain building, to-wit; a dwelling house" with intent to steal, and that "goods, wares, and personal property were then and there \* \* \* kept in said dwelling for use \* \* \*''. Evidently the expression, "a certain building, to-wit; a dwelling house" was an effort to follow the language in Section 2043, supra, "or other building", and apprise the accused that the building fell into the category of dwelling house, as distinguished from shop, store, outhouse or barn, etc. There was good reason so to identify it. Actually, it had been inhabited in the past, and as soon as the repair could be completed, it would be occupied again as a place to live. Further evidence of the intention to initiate the prosecution under Section 2043, supra, was the allegation that "goods, wares and personal property were then and there \* \* \* kept in said dwelling house for use."

Now in Haynes v. State, 180 Miss. 291, 177 So. 360, 361, the indictment charged that the appellant "did then and there willfully, unlawfully, feloniously and burglariously break and enter the dwelling house of Mrs. E. Hollingsworth". The opinion observed that the indictment was drawn under Section 2038, Code of 1942. In view of Mrs. Hollingsworth's admission that she had moved out of the house, with no intention of living there any more, and that, admittedly, the burglary occurred

thereafter, the Court held that there was a fatal variance between the allegations and the proof.

Also in Woods v. State, 186 Miss. 463, 191 So. 283, the offense charged against Woods was the burglary of a dwelling house—"A dwelling house, the property of T. A. Cook, then and there situated, feloniously and burglariously did break and enter." Inasmuch as the proof showed that the building had been recently erected for a dwelling house but was not actually occupied as such, the Court held that there was a variance between the allegations and the proof.

But our conclusion that the indictment is founded on Section 2043 distinguishes this case from Haynes v. State and Woods v. State, supra.

Consequently, we are of the opinion that there was no variance between the allegations of the indictment and the proof, and that the court correctly overruled the motion for a directed verdict.

The other assignments, namely, the State's failure to show intent, and the refusal of instructions, which attempted to explain the legal meaning of dwelling house, are without merit, and require no response.

Affirmed.