GARRETT *v.* STATE.

Feb. 18, 1952.

No. 38374 (56 So. (2d) 809)

Edwards & Edwards, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

Ethridge, J.

Henry Garrett, appellant, was convicted in the Circuit Court of Simpson County of grand larceny, for stealing two seven-radiant butane gas heaters, belonging to five named trustees of the Jupiter Baptist Church, and was

sentenced to serve a term of five years in the State penitentiary.

Appellant's first assignment of error is that he was entitled to a peremptory instruction, or that his motion for a new trial should have been sustained on the ground that the verdict is against the great weight of the evidence. We cannot say that there was insufficient evidence to support the verdict. ██ █ The stolen property was found in appellant's home. This fact warranted the jury in inferring that defendant was guilty of the crime, in the absence of a reasonable explanation of how he came into possession of the gas heaters. Davis v. State, 1874, 50 Miss. 86. In explanation of his possession of the property, appellant testified that he purchased the heaters from a Negro man named Gray, who the evidence indicated was a well-known bootlegger; that Gray first approached him at his house about buying the heaters, which he refused, and later offered them to him at a bargain after he had been trying to find some heaters in town; that Gray requested him to come to his house at night to obtain the heaters, which he did, and for which he paid a total of $30 in cash; that he obtained no receipt for that payment; that Gray told him that he had used the heaters when he had lived elsewhere but had no further need for them; that after his arrest he asked Gray to straighten the matter out but Gray denied knowing anything about the heaters; and that he, the appellant, did not steal the heaters from the church and did not know that they were stolen property when he bought them. The State's case indicated that appellant had given three different versions of how he obtained the heaters to the Sheriff of Scott County, the Sheriff of Simpson County and to one of the trustees of the church. These contradictory versions by appellant as to how he obtained the heaters, the fact that they were in his possession, the fact that he obtained no receipt for the purchase price of the heaters, and had no proof as to where he obtained them other than his own testimony,

and the other related facts warranted the jury in disbelieving appellant's version and in finding him guilty of the charge.

The ownership of the stolen property was adequately proved to be in the trustees of the church; 52 C. J. S., Larceny, Section 81; and the loss of the search warrant which was used in searching appellant's premises and its substantial contents were adequately shown. Boyd v. State, 1932, 164 Miss. 610, 145 So. 618.

Appellant also contends that he was indicted, tried and convicted under the wrong statute. Code Sec. 2240, under which appellant was indicted, provides that "every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of twenty-five dollars or more, shall be guilty of grand larceny * * *." That statute deals with common-law larceny of personal property. Code Sec. 2246 creates the statutory crime of larceny as to fixtures, products of the soil, and parts of buildings, etc., and is designed to supplement the crime of common-law larceny under Sec. 2240. Sec. 2246 provides: "If any person shall sever from the soil of another any produce growing thereon, or shall sever from any building, gate, fence, railing, or other improvement or inclosure any part thereof, and shall take and convert the same to his own use with intent to steal the same, he shall be guilty of larceny in the same manner and of the same degree as if the article so taken had been severed at some previous and different time."

Appellant contends that the two butane gas heaters were affixed to the church building in such a substantial manner as to become a fixture and part of the realty, and that, therefore, he should have been indicted under Sec. 2246. We cannot agree. The multitude of cases in the law of fixtures are in many respects irreconcilable. Whether a particular item is a fixture or personal property usually depends upon the relationship of the parties, such as landlord and tenant, vendor and

vendee. The facts of each particular case must control. Here the testimony indicated that the two butane gas heaters were placed in the auditorium of the church; that metal pipes had been run under and through the floor and that the heaters were bolted or screwed onto the pipe which carried the gas; that the gas had been cut off at the tank for several months prior to the theft, and whoever took the heaters had to ''unscrew them from the pipe''. The general rule with reference to larceny of gas fixtures is stated in 2 Wharton, Criminal Law (12th Ed. 1932), page 1408, as follows: ''Gas fixtures, whether as chandeliers pending from the ceiling or brackets from the side wall, though attached to gas pipes by screws and made tight by cement, are in the nature of chandeliers and subject of larceny. Guthrie v. Jones (1871) 108 Mass. 191; McConnell v. Blood (1877) 123 Mass. 47, 25 Am. Rep. 12; Rogers v. Crow (1867) 40 Mo. 91, 93 Am. Dec. 299. See Shaw v. Lenke (1865) 1 Daly (N. Y.) 487; Funk v. Brigaldi (1873) 4 Daly (N. Y.) 359; Lawrence v. Kemp (1852) 1 Duer (N. Y.) 363; Jarechi v. Philharmonic Soc. (1876) 79 Pa. 403, 21 Am. Rep. 78; Montague v. Dent, (1856) 44 S. C. L. (10 Rich.) 135, 67 Am. Dec. 572.''

Sec. 1104 of the same text says that ''if they are not fastened, so as to be permanently attached, removing them may be larceny. This is the case with the taking of keys from door locks; of detachable sections of machinery in a mill; of window sashes which are still unhung, and which are only temporarily and slightly connected with the house.'' See also Ibid., Sec. 1101.

2 Burdick, Law of Crime (1946) Sec. 507, says that ''articles which are removable without injury, although they would usually be classed as fixtures and pass to a vendee in the sale of real property, may be the subject of larceny if removed by one intending to steal them.'' See also 2 Bishop, Criminal Law (9th Ed. 1923), Secs. 763, 764, 783; 32 Am. Jur., Larceny, Sec. 82, 83. 52 C. J. S., Larceny, Section 3, says: ''Many things of a personal

nature, which, as between litigants in civil actions asserting rival claims thereto, are considered to have become a part of the realty to which they have been affixed, nevertheless retain their character as personalty as between the owner and a person who detaches any such article with intent to steal it, and are therefore the subject of larceny; and this rule has been applied to a key in the lock of a door, a chandelier screwed to a gas pipe fixed in the ceiling of a house, fence posts, fence rails and wire, copper trolley wire, and attachments to machinery installed in a mill or factory.'' See also 36 C. J., Larceny, Sec. 20; Clement v. Commonwealth, 1898, 20 Ky. 688, 47 S. W. 450, copper box on still house connected by pipes; Smith v. Commonwealth, 1878, 14 Bush, Ky., 31, 29 Am. Rep. 402, chandelier attached to ceiling by being screwed into a gas pipe; Anno., 49 L. R. A., N. S., 967-969; Anno, 88 Am. St. Rep. 589-590.

These cases and authorities indicate that these gas space heaters are personal property under the larceny statute, Code Sec. 2240, and are not part of the building or realty under the statutory larceny act, Sec. 2246. The principal test appears to be whether the removal of the particular item results in a permanent damage or injury to the premises. Such a result does not exist under these facts. The multitude of modern appliances and gadgets, both electric and gas, with impermanent and superficial connections to the conduits of power placed in the walls of a building, made a restricted interpretation of common-law larceny unrealistic and difficult to administer.

Appellant relies upon O'Neal v. State, 1933, 166 Miss. 538, 146 So. 634, where the defendant was indicted and convicted of stealing 3,500 tomato plants out of the cold-frame and soil of the owner. The plants were severed when they were taken. It was there held that the defendant should have been charged with statutory larceny of produce growing in the soil and severed by the thief, and that what is now Sec. 2246 should have been made the basis of the indictment. However, that case did not

deal with an item of personal property in a building, but with produce or plants growing out of the soil, an entirely different subject-matter from the present one, and one which traditionally at common law was not the subject of larceny as long as it remained attached to and growing out of the soil. 52 C. J. S., Larceny, Section 3, page 792.

Affirmed.

**Roberds, Lee, Hall,** and **Kyle, JJ.,** concur.