## WATSON *v.* STATE

No. 43717        November 15, 1965        179 So. 2d 826

*Womack & Womack,* Belzoni, for appellant.

*R. Hugo Newcomb, Sr.,* Asst. Atty. Gen., Jackson, for appellee.

SMITH, J.

The appellant, Joe David Watson, was indicted jointly with two others for burglary of an "unoccupied dwelling house." His co-indictees entered pleas of guilty and testified for the State at appellant's trial.

The jury returned a verdict of guilty and appellant was sentenced to serve a term in the penitentiary.

Appellant urges several grounds for reversal of his conviction, but it is necessary to consider only one, that is, that there was fatal variance between the crime shown by the evidence and that charged in the indictment.

Several distinct crimes are defined in the Mississippi statutes which fall within the category of burglary. Three of these statutes are relevant to the question here presented.

Mississippi Code Annotated section 2036 (1956) defines "Burglary — inhabited dwelling" and makes it a crime to burglarize a dwelling house "in which there shall be, at the time, some human being."

Mississippi Code Annotated section 2038 (1956) defines "Burglary — dwelling generally" and makes it a crime to burglarize a dwelling house without regard to whether there is anyone in it at the time or not.

Mississippi Code Annotated section 2043 (1956) defines "Burglary — elsewhere than in dwelling house" and makes it a crime to burglarize a building other than a dwelling house.

The testimony for the prosecution as given by appellant's alleged accomplices is to the effect that appellant picked them up in his automobile and drove them to the building which they burglarized. This building was in the process of construction and was nearing completion. Although designed and intended for occupancy as a dwelling when completed, it had not yet been occupied as a dwelling house.

It was shown that the accomplices were brothers and that one of them was a carpenter's helper who had been working on the building. He told the others that there was a power saw in the building and the stealing of this saw was the specific object of the unlawful entry upon the night in question. The proof for the state showed that appellant told his accomplices that he could find a market for the saw and that he drove to the building where they got out of his car. They testified at the trial that the appellant drove off, promising to return for them later, and that they broke a window, entered the building, and took the saw. Appellant afterward picked them up with the saw which was then concealed by the side of a country road.

At the conclusion of the testimony for the state, appellant moved the court to exclude the evidence upon the ground that the indictment charged the appellant with burglarizing a dwelling house and that the evidence had shown that the building burglarized was not a dwelling house within the meaning of the statute. This motion was overruled.

At the conclusion of all of the evidence, appellant requested a written instruction from the court directing the jury to return a verdict of not guilty. This instruction was refused.

■■ ■ Appellant relies on Woods v. State, 186 Miss. 463, 191 So. 283 (1939). In that case, the defendant had been indicted and convicted for burglarizing a "dwelling house." The house in question, although intended for a dwelling house, had been erected only recently and had not been occupied as a dwelling house. It was vacant. The court held that since no one had ever lived in it, the house had never become and was not a dwelling house within the meaning of the statute defining burglary of a dwelling house.

The court held further that a request for a peremptory instruction was sufficient to raise the point that

the proof was not sufficient to sustain the charge as laid in the indictment where an amendment was not allowable to make the indictment conform to the proof. The court in 186 Miss. at 466-467, 191 So. at 284 said:

"And this presents the question of whether an indictment charging the burglary of a dwelling can be amended during the trial so as to make it charge the burglary of some house other than a dwelling house; and that question we must answer in the negative. An indictment cannot be amended at the trial so as to change the identity of the offense, Blumenberg v. State, 55 Miss. 528, and the burglary of a dwelling is an offense separate and distinct from that of the burglary of an unoccupied house, although both belong to the same class of felonies. They are dealt with under separate statutes, and these statutes contain separate and distinct elements to constitute the crimes therein denounced."

See, also, Haynes v. State, 180 Miss. 291, 177 So. 360 (1937); O'Neal v. State, 166 Miss. 538, 542, 146 So. 634 (1933); State v. Sowell, 85 S. C. 278, 67 S. E. 316 (1910).

The essence of the distinction made by the court in the cited cases between burglary of a dwelling and burglary of a building not a dwelling is that in the former the building must then be a place of human abode. If a dwelling is actually occupied by a human being at the time of the burglary, that crime is covered by section 2036. If the dwelling is not so occupied when the crime is committed, then the burglary is a violation of section 2038. If the building is not a place where people reside, section 2043 applies.

The case now before us is not distinguishable from the *Woods* case, supra.

Appellant's requested instruction directing the jury to return a verdict of not guilty should have been granted.

The judgment of the circuit court is reversed. The record shows that the appellant is on bail and he is

required to appear before the Circuit Court of Humphreys County to answer according to the condition of his bond, as provided by Mississippi Code Annotated section 1979 (1956).

Reversed and appellant held under present bail to await action of the Circuit Court of Humphreys County.

*Lee, C. J., and Rodgers, Patterson, and Inzer, JJ.,* concur.