364 So.2d 1131 (1978)
Richard ROBINSON
v.
STATE of Mississippi.
No. 50650.
Supreme Court of Mississippi.
November 29, 1978.
*1132 Don H. Evans, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted for the crime of burglary in the Circuit Court of the First Judicial District of Hinds County. He appeals, alleging the following assignments of error:
1. The court erred in not granting a new trial or in not dismissing the charge on the grounds that the property allegedly burglarized was alleged to be a dwelling and was alleged in the indictment to be the property of Carnell Perry, whereas the proof disclosed without dispute that the building was a motel known as the Alamo Plaza and that Carnell Perry was not the owner nor the innkeeper, but instead was merely an overnight guest.
2. The court erred in granting the State's instruction No. 2 over the defendant's objection.
3. The court erred in not sustaining the defendant's motion for a directed verdict at the close of the State's case in chief and in not granting the peremptory instruction in favor of the defendant after both sides had rested.
4. The court erred in not granting a new trial on the grounds that the verdict of the jury was contrary to the law and was against the overwhelming weight of the evidence and was such as to evince bias and prejudice against the defendant on the part of the jury.
The indictment charged that appellant, ... on the 26 day of February, A.D., 1977 did then and there unlawfully, feloniously and burglariously break and enter the dwelling house of Carnell Perry there situated, with intent the goods and chattels of the said Carnell Perry in the said dwelling house then and there being, then and there unlawfully, feloniously and burglariously attempted to take, steal and carry away; and various items located therein, but was intercepted and failed therein....
The evidence practically was undisputed. At about 3:45 A.M. on February 26, 1977, the Jackson Police Department responded to a complaint about a prowler by the night desk clerk of the Alamo Plaza Motel. Two officers proceeded to the motel and while inspecting the premises noticed a window raised at the rear of Room 216. They then noticed a person "crawling backward out of the window." He was arrested and on his person the officers found $73 in cash. The screen to the window was lying on the ground next to the building. The officers found two occupants in the room  a man and a woman. The woman advised them at that time that she and the man had gotten together at a local night club, such acquaintance resulting in the two of them going to the Alamo Plaza Motel at about 2:30 A.M. She testified that she paid for the room in advance and that they had been in the room for about an hour when the officers arrested appellant. She also stated that neither she nor her male friend had become aware of the entrance by appellant to the room. The record shows that the police officers were not advised at that time of any missing money but were advised by the woman the next morning that she was missing $60 of her own money and that she had been informed by her nocturnal companion that he too was missing some money  approximately $70. No explanation was given as to what happened with the difference between these combined losses and that discovered on appellant. Of course, this unexplained activity on someone's part is immaterial to the decision of the case.
*1133 There are ten different crimes under the general heading of "burglary" in the crimes against property section of Mississippi Code Annotated (1972). Appellant was indicted under section 97-17-19, which reads as follows:
Every person who shall be convicted of breaking and entering any dwelling house, in the day or night, with intent to commit a crime, shall be guilty of burglary, and be imprisoned in the penitentiary not more than ten years.
We need to determine whether or not the facts as related above made the motel room the "dwelling house" of Carnell Perry at the time in question. If it was not, the motion of appellant at the conclusion of the evidence should have been granted due to a fatal variance between the charges in the indictment and the proof.
Code section 97-17-31, styled "Burglary  dwelling house defined," reads as follows:
Every building joined to, immediately connected with, or being part of the dwelling house, shall be deemed the dwelling house.
We therefore see that the Legislature in this section, passed in 1848, did not see fit to extend the term "dwelling house" beyond the normal understanding of the meaning of that term.
In 13 Am.Jur., Burglary section 3 (1964), we find the following:
A dwelling house has been variously defined as the apartment, room in a hotel, building or cluster of buildings in which a man with his family resides, or any permanent building in which a man may dwell and lie. (emphasis added)
In 85 A.L.R. 428 (1933), we find the following:
At common law, burglary was considered to be an offense against habitation rather than against property... . what was sought to be protected was the peace of mind and security of the residents, rather than the property.
In the case of Watson v. State, 254 Miss. 82, 179 So.2d 826 (1965), this Court was confronted with deciding whether or not a residence "nearing completion" was the dwelling house under the statute. The Court, in reversing the appellant's conviction, stated:
The essence of the distinction made by the Court in the cited cases between burglary of a dwelling and burglary of a building not a dwelling is that in the former the building must then be a place of human abode. If a dwelling is actually occupied by a human being at the time of the burglary, that crime is covered by section 2036 [now section 97-17-21]. If the dwelling is not so occupied when the crime is committed, then the burglary is a violation of section 2038 [now section 97-17-19]. If the building is not a place where people reside, section 2043 [now section 97-17-33] applies. (Emphasis added).
In Watson, the Court discussed the prior cases of Woods v. State, 186 Miss. 463, 191 So. 283 (1939), and Haynes v. State, 180 Miss. 291, 177 So. 360 (1937).
Code section 97-17-33, styled "Burglary  breaking and entering building other than dwelling house." reads as follows:
Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, ship, steamboat, flat-boat, railroad car, automobile, truck or trailer in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any building within the curtilage of a dwelling house, not joined to, immediately connected with or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years. (Emphasis added).
We have researched the burglary statutes of other states and find that all read differently. We conclude that the Legislature did not intend for the motel room in question to be Carnell Perry's dwelling house at the time of the alleged burglary. To hold *1134 otherwise would open the term to many extremes of imaginary circumstances. Would not the room have been the unknown man's dwelling house even though he did not actually hand the money to the room clerk? He dwelt there as much as she. If a couple borrowed their neighbor's pickup with a "sleeper" covering the truck body (or a wagon in 1848 when the law was passed) and went fishing overnight, they would be "dwellers" the same as those now before us. We could go on and on and relate situations bordering on the ridiculous if this selection of a burglary statute for indictment should be affirmed. As hereinbefore stated, there are other statutes to cover any situation. It may be that this error was the result of the modern era of using "forms" for almost everything.
In our opinion, it was intended for Code section 97-17-33 to apply under the circumstances now before us. We hold that the term "dwelling house" is, as the term implies, a place where people dwell or reside. In the event there is permanent dwelling of a person or his family in a hotel or motel, that would be his dwelling house. The intention of the residents is the material consideration.
We therefore conclude that there was a fatal variance between the indictment and the proof and appellant's motion for a directed verdict should have been granted. The cause is reversed and appellant is ordered to be held under the same bail bond as set by the lower court.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, LEE and COFER, JJ., concur.
ROBERTSON, P.J., and BROOM, J., dissent.
SMITH, Presiding Justice, specially concurring:
With some doubt I concur in the result reached by the majority. I do this only because of the peculiar facts of the case which show that the room was rented only for the purposes of a casual assignation. Obviously, cases dealing with questions of domicile or residence for jurisdictional purposes, homestead or voting rights have no relevancy whatever to the question here. The old case which would limit "dwelling" to the permanent abode to which an occupant, when absent, always expects to return, obviously should not be accorded any weight, (even if it should be considered that it continues to have any validity at all) in considering the question of what is a "dwelling" in a case where burglary is charged. I do not commit myself to the idea that a hotel room, apartment, or trailer, may not be a dwelling within the contemplation of the burglary statutes.
PATTERSON, C.J., joins in this opinion.