469 So.2d 80 (1985)
Clarence COURSE
v.
STATE of Mississippi.
No. 55428.
Supreme Court of Mississippi.
May 1, 1985.
As Corrected on Denial of Rehearing May 22, 1985.
William B. Kirksey, Kirksey, Brantley & DeLaughter, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
A jury in the Circuit Court of Hinds County found Clarence Course guilty of the burglary of a dwelling, a violation of Miss. Code Ann. § 97-17-31 (1972). Course was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. From his conviction and sentence he brings this appeal and assigns as error:
1. There was a fatal variance between the indictment and the proof, as there was no evidence ever introduced before the jury from which it could find the building which the Defendant-Appellant allegedly burglarized to be a "dwelling house".
2. The state failed to prove by the evidence introduced at court the essential elements of the crime of burglary of an inhabited dwelling as indicted.
3. The Court erred in granting State's Instruction 1 and 2 in view of the fact that the case at bar was a circumstantial evidence case.
We affirm.
Course first argues that there was a fatal variance between the indictment and the proof. Course submits that the house which he is accused of burglarizing was not a dwelling. Testimony presented at trial clearly shows that under this Court's interpretations *81 of § 97-17-31 the house was a dwelling.
The house belonged to Mrs. Leah Eubanks. Frances Jamison, Mrs. Eubanks' close personal friend and attorney, testified that on the day of the burglary, October 1, 1982, Mrs. Eubanks was in a nursing home. She had entered the nursing home in August of 1982. On December 11, 1982, Mrs. Eubanks would be 90 years old and, according to Mrs. Jamison, she was "getting senile" and unable to care for herself.
Prior to being admitted to the nursing home, Mrs. Eubanks lived in the house and intended to return when her health permitted. According to Mrs. Jamison, Mrs. Eubanks has gone back to her house several times. She goes there to visit for an hour or two at a time and gets her mail there. According to Mrs. Jamison, the last time she took Mrs. Eubanks back to her home was in August. Mrs. Jamison did not know if Mrs. Eubanks had been back to her home between August and October, 1982. Mrs. Eubanks still received her mail at that home and Mrs. Jamison had picked it up the day before the burglary. The last time anyone spent the night in Mrs. Eubanks' home was in July, 1982.
The leading case defining dwelling under the burglary statute is Robinson v. State, 364 So.2d 1131 (Miss. 1978). In Robinson the issue was whether a motel room was a dwelling house of its temporary occupants. This Court decided it was not.
Code section 97-17-31, styled "Burglary-dwelling house defined," reads as follows: Every building joined to, immediately connected with, or being part of the dwelling house, shall be deemed the dwelling house.
We therefore see that the Legislature in this section, passed in 1848, did not see fit to extend the term "dwelling house" beyond the normal understanding of the meaning of that term.
In 13 Am.Jr., Burglary section 3 (1964), we find the following:
A dwelling house has been variously defined as the apartment, room in a hotel, building or cluster of buildings in which a man with his family resides, or any permanent building in which a man may dwell and lie. (emphasis added)
In 85 A.L.R. 428 (1933), we find the following:
At common law, burglary was considered to be an offense against habitation rather than against property ... . what was sought to be protected was the peace of mind and security of the residents, rather than the property.
In the case of Watson v. State, 254 Miss. 82, 179 So.2d 826 (1965), this Court was confronted with deciding whether or not a residence "nearing completion" was the dwelling house under the statute. The Court, in reversing the appellant's conviction, stated:
The essence of the distinction made by the Court in the cited cases between burglary of a dwelling and burglary of a building not a dwelling is that in the former the building must then be a place of human abode. If a dwelling is actually occupied by a human being at the time of the burglary, that crime is covered by section 2036 [not section 97-17-21]. If the dwelling is not so occupied when the crime is committed, then the burglary is a violation of section 2038 [now section 97-17-19]. If the building is not a place where people reside, section 2043 [now section 97-17-33] applies. (Emphasis added).
In Watson, the Court discussed the prior cases of Woods v. State, 186 Miss. 463, 191 So. 283 (1939), and Haynes v. State, 180 Miss. 291, 177 So. 360 (1937).
Code section 97-17-33, styled "Burglary-breaking and entering building other than dwelling house." reads as follows:
Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein, ship, steamboat, flatboat, railroad car, automobile, truck or trailer in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal *82 therein, or to commit any felony, or who shall be convicted of breaking and entering in the day or night time, any building within the curtilage of a dwelling house, not joined to, immediately connected with or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years. (Emphasis added).
We have researched the burglary statutes of other states and find that all read differently. We conclude that the Legislature did not intend for the motel room in question to be Carnell Perry's dwelling house at the time of the alleged burglary. To hold otherwise would open the term to many extremes of imaginary circumstances. Would not the room have been the unknown man's dwelling house even though he did not actually hand the money to the room clerk? He dwelt there as much as she. If a couple borrowed their neighbor's pickup with a "sleeper" covering the truck body (or a wagon in 1848 when the law was passed) and went fishing overnight, they would be "dwellers" the same as those now before us. We could go on and on and relate situations bordering on the ridiculous if this selection of a burglary statute for indictment should be affirmed. As hereinbefore stated, there are other statutes to cover any situation. It may be that this error was the result of the modern era of using "forms" for almost everything.
In our opinion, it was intended for Code section 97-17-33 to apply under the circumstances now before us. We hold that the term "dwelling house" is, as the term implies, a place where people dwell or reside. In the event there is permanent dwelling of a person or his family in a hotel or motel, that would be his dwelling house. The intention of the residents is the material consideration.
364 So.2d at 1133, 1134.
More recently, in Gillum v. State, 468 So.2d 856 (1985), this Court held that a weekend home was a dwelling. In that case the owners lived in New Orleans and spent the night in the home only once every two or three weekends.
The question in the instant case is most easily answered by the conclusion in the Robinson decision that "The intention of the residents is the material consideration." All of Mrs. Eubanks' personal possessions had remained in the home. Therefore, we are of the opinion that Mrs. Eubanks' house had retained its status as a dwelling during her forced stay in a nursing home.
Course's second assignment of error is that the state failed to meet its burden of proof. In Moore v. State, 344 So.2d 731 (Miss. 1977), this Court held that the crime of burglary of a dwelling has two elements. The state must prove both the burglarious breaking and entering of a dwelling house and the felonious intent to commit some crime therein. The proof unquestionably showed that there had been a burglary at the home on South Drive.
In Robinson v. State, 418 So.2d 749 (Miss. 1982), we held that the unexplained possession of burglary tools shortly after a burglary is admissible as evidence of guilt. Shortly after the burglary was reported, Course was stopped a short distance therefrom. He was seen trying to hide gloves and screwdrivers under the seat of the car he was riding in. Also in that car were numerous items identified as stolen from Mrs. Eubanks' house. We are of the opinion that when all of the evidence is considered in the light most favorable to the state, together with the reasonable inferences that flow therefrom, the verdict of guilty of burglary was supported by the evidence. See Goldman v. State, 406 So.2d 816 (Miss. 1981).
Course's final assignment of error is that the court should not have granted state's Instructions 1 and 2. He argues that these instructions failed to set forth the appropriate burden of proof because, according to Course, the state's evidence was wholly circumstantial and he was therefore entitled to an instruction that the jury must *83 prove his guilt not only beyond a reasonable doubt but also to the exclusion of every reasonable hypothesis consistent with innocence. We are not persuaded.
The defense failed to object to Instruction S-1. Although there was an objection to S-2 it was on the ground that it was repetitive to S-1. At no time did the defense fault either of these instructions for failing to set forth a circumstantial evidence burden of proof. Neither did the defense offer a circumstantial evidence burden of proof instruction on its own. We therefore find no merit to this assignment of error.
Based on all of the foregoing, we hereby affirm this cause.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.