419 So.2d 1034 (1982)
James E. FLEMMONS
v.
STATE of Mississippi.
No. 53675.
Supreme Court of Mississippi.
September 22, 1982.
*1035 Moore, Royals & Taylor, Russell D. Moore, III, Jackson, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and DAN M. LEE, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Hinds County, Mississippi, wherein the appellant, James E. Flemmons, was indicted, tried and convicted of armed robbery and sentenced to serve a term of thirty-five years in the custody of the Mississippi Department of Corrections. Aggrieved with this Cecision, he has perfected his appeal to this Court. We affirm.
The appellant assigns as error:

I.

THE VERDICT OF THE JURY IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE; THE CONVICTION IS DEVOID OF EVIDENTIARY SUPPORT; AND THE VERDICT OF THE JURY IS NOT SUPPORTED BY THE EVIDENCE.
This assignment of error is wholly without merit. The appellant's automobile was seen a few minutes prior to the robbery in the rear of LeFleur's Restaurant and Convention Center occupied by two males. When an employee of LeFleur's approached the automobile to determine why it was there, the occupants cranked the automobile and drove away. Shortly thereafter, the appellant went into LeFleur's and asked the cashier for change for a quarter. He was followed into the restaurant by a second black man who was shorter than the appellant. The appellant left the restaurant while the shorter black man pulled a pistol and robbed the cashier and LeFleur's of approximately $25.00. The cashier positively identified the appellant as the person who came into the restaurant and requested change. A patron of the restaurant struggled with the second short black man, but released him upon having a pistol pushed into his stomach. The patron identified a pistol which was admitted into evidence as the one which was used in the robbery, basing his identification on distinctive white markings on the pistol. The short black male ran outside the building. The testimony from that point was that "They ran toward the Kentucky Fried Chicken." The appellant's automobile was seen leaving the Kentucky Fried Chicken at a high rate of speed.
A Jackson police officer immediately investigated the robbery, obtained a description of the two black men who had entered the restaurant and a description of the automobile and the gun that were used in the robbery. Approximately two hours later, the investigating officer stopped an automobile fitting the description of the one used in the robbery. It was occupied by the appellant as driver, a shorter black male and a black female. The appellant gave a fictitious name. A search was made of the automobile and a pistol, which was later identified as the same pistol used in the robbery, was found in the trunk of the vehicle. The appellant admits that he owned the pistol.
Appellant's defense was an alibi. He contended that he did not know where LeFleur's Restaurant was located and had never been there and was shooting dice at a "dice house" at the time of the robbery.
*1036 The credibility of witnesses and the weight and worth to be given their testimony is for a jury to decide. Having the above evidence before it, the jury was more than amply justified in finding that the appellant and the short black man who actually wielded the gun and took the money were acting in concert and that appellant was aiding and abetting his accomplice in the commission of the robbery and fleeing therefrom.

II.

THE COURT ERRED IN REFUSING TO INSTRUCT THE JURY THE PROPER BURDEN OF PROOF IN A CIRCUMSTANTIAL EVIDENCE CASE.
This Court has said many times that a circumstantial evidence instruction is not required unless the State's case is based wholly on circumstantial evidence. Edwards v. State, 413 So.2d 1007 (Miss. 1982); Weathers v. State, 237 So.2d 441 (Miss. 1970). In the case sub judice, there was direct evidence that the appellant was in the company of the gun-wielding robber at the scene of the crime contrary to his alibi defense. There was further testimony that his automobile was seen speeding away from the scene of the crime; he was arrested approximately two hours later driving the automobile which was used in the robbery, and the gun which was used in the course of the robbery belonged to appellant by his own admission. From these facts, it was reasonable for the jury to infer from them that the appellant was a willing participant in and aided and abetted the robber by carrying him to the scene of the crime, participating as a front man by asking for change and aiding the robber in his escape as well as furnishing him with the gun with which to commit the robbery.
As stated earlier, appellant contended that he had never been to LeFleur's and asserted an alibi as a defense.

III.

THE COURT ERRED IN ADMITTING TESTIMONY OF JACKSON POLICE OFFICER AINSWORTH THAT HE HAD FOUND A PISTOL IN THE LOCKED TRUNK OF APPELLANT'S AUTOMOBILE.
This assignment of error is wholly without merit. See Robinson v. State, 418 So.2d 749 (Miss. 1982); Jackson v. State, 243 So.2d 396 (Miss. 1970). See also United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
Finding no error, the judgment and sentence of the lower court are affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PARTHER, JJ., concur.