¶ 1. Marcus Starks was convicted after a jury trial of armed robbery. On appeal, he argues that he was entitled to a circumstantial evidence instruction and that his motion for directed verdict should have been granted. Finding no merit to these claims, we affirm.
 FACTS
¶ 2. Just after midnight in January 1999, Mercile Hayes was robbed at gunpoint in the parking lot of a Tunica County casino. She testified that she gave the robber her purse and that he fled as a passenger in a dark colored automobile. Hayes was able positively to identify the man who robbed her as Robert Johnson, who was Starks' co-defendant, but she did not see the driver.
¶ 3. At approximately 12:40 a.m., Ricky Talapin, a security officer at the casino where Hayes was robbed, noticed a suspicious car in the parking lot driving slowly past the employee entrance. He identified the vehicle as a dark colored vehicle with shiny chrome rims. At trial, Talapin testified that there were two black males in the car and that Starks was the driver.
¶ 4. A short time later, at approximately 1:00 a.m., at a nearby casino, Keith and Tammy Moore were exiting their car when they too were approached by a man holding a gun. After telling the victims to throw everything on the ground, the robber took Mr. Moore's shaving kit and Mrs. Moore's purse. At trial, Mr. Moore testified that the robber got into the passenger side of a dark colored automobile with shiny rims. Mr. Moore was able to identify the man who robbed them as being Robert Johnson, but he did not see the driver of the car.
¶ 5. Security officer Talapin observed the same dark-colored automobile with shiny rims in the casino parking lot at around 2:00 A.M. He testified at trial that the car was still occupied by the same individuals and that Starks was the driver.
¶ 6. Law enforcement agencies in the area were alerted to the armed robberies and to be on the lookout for a dark colored automobile with shiny chrome rims. Larry White, an officer with the Tunica Police Department, was on patrol that morning when he received the alert. Shortly thereafter, while stopped in a convenience store parking lot, White noticed an automobile matching the description that he had just received. White followed the vehicle as it left the store, called for assistance, and then pulled the vehicle over. Officer *Page 565 
White testified that Starks was the passenger in the vehicle. A search of the automobile found a chrome handgun, Mr. Moore's shaving bag, and a credit card with Mercile Hayes's name on it. The vehicle was registered to Starks. Both Starks and Robert Johnson were arrested.
¶ 7. Starks and Johnson were indicted on three counts of armed robbery. After a jury trial, Starks was convicted of only one count of armed robbery. He appeals.
 DISCUSSION I. Circumstantial evidence jury instruction
¶ 8. Starks requested a circumstantial evidence instruction, but it was denied. The State argues that the issue is procedurally barred on appeal because Starks failed to object to the denial of the proposed instruction. The State cites recent authority that failure to object to the refusal of a jury instruction bars the issue from appellate review.Bell v. State, 725 So.2d 836, 854 (Miss. 1998), citing Nicholson ex rel.Gollott v. State, 672 So.2d 744, 752 (Miss. 1996). We acknowledge that language of Bell, which was decided on December 17, 1998.
¶ 9. However, the Supreme Court on March 12, 1998, had specifically rejected Nicholson's procedure of requiring an instruction to be offered, and if refused, to except to the refusal. Duplantis v.State, 708 So.2d 1327 (Miss. 1998). The Court said that this part ofNicholson was "dicta," and found that "we did not intend to overrule existing case law and therefore require litigants to object to the denial of instructions that they themselves have offered. Duplantis, 708 So.2d at 1339. The court went on to explain that "precedent of this Court makes it clear that an issue involving the denial of a requested jury instruction: . . . is procedurally preserved by the mere tendering of the instructions, suggesting that they are correct and asking the court to submit them to the jury. . . ." Id. at 1339 — 1340, quotingCarmichael v. Agur Realty Co., 574 So.2d 603, 613 (Miss. 1990). Bell was later than Duplantis, but on the same day as Bell was a decision that again cited Duplantis and denied that any requirement exists of excepting to the refusal of an offered instruction. Finley v. State, 725 So.2d 226, 231 (Miss. 1998). Bell did not note the thorough discussion in theDuplantis case of the significant and unexplained change in the law thatNicholson would cause. Until the Supreme Court overrules Duplantis and cases that rely on it, we find no procedural bar.
¶ 10. On the merits, then, we note that a circumstantial evidence instruction must be given when the prosecution cannot produce an eyewitness or a confession to the offense charged. Stringfellow v.State, 595 So.2d 1320, 1322 (Miss. 1992). A circumstantial evidence instruction is not required unless on the central elements of the offense "the evidence for the prosecution is wholly circumstantial. . . ." Keysv. State, 478 So.2d 266, 267 (Miss. 1985).
¶ 11. The Supreme Court was faced with a similar situation inFlemmons v. State, 419 So.2d 1034 (Miss. 1982). The accused's automobile occupied by two men was seen a few minutes prior to the robbery at the rear of a restaurant. When an employee approached the vehicle, it quickly drove away. Soon afterwards, a person identified by a witness as the accused walked into the restaurant to inquire about change. He was soon followed by a second, shorter man. The accused left, and the second man then displayed a weapon and robbed the cashier of $25. The cashier positively identified the accused as the person who had asked for change. A patron who had struggled with the shorter *Page 566 
man identified the pistol based on its distinctive markings. The robber ran outside towards a fast-food franchise, from which the accused's automobile was seen speeding away a short time later. Two hours later the accused and a shorter man were stopped in a vehicle matching the description of the one that been seen at the restaurant. The accused gave a fictitious name. A search of the automobile discovered a pistol owned by the accused that the patron said was the same one as used in the robbery. Id. at 1035.
¶ 12. The Flemmons Court said that no circumstantial evidence instruction was necessary. Id. at 1036. In neither Flemmons nor here was the accused seen committing the crime. The eyewitnesses testified that someone else committed the crime, that the accused was in the area at the same time, and that within a short time after the crime the accused and the person positively identified as the perpetrator of the actual robbery were stopped in the same vehicle as was at the crime scene. In Flemmons
the weapon used was identified as belonging to the accused, though the other person was using it. Id. at 1035. An officer testified to seeing Starks and the person others identified as the actual robber in the vehicle shortly after each of two of the crimes. Here the automobile from which the perpetrator left after committing a robbery was quite similar to that owned by the accused. We can find no principled way to distinguish Flemmons.
¶ 13. Though no eyewitness could place either Starks or Flemmons as directly helping the identified armed robber, his contemporaneous connection with the robber was sufficiently shown by direct evidence that the circumstantial evidence instruction was not needed. "The existence of any direct evidence eliminates the need for a circumstantial evidence instruction." Sullivan v. State, 749 So.2d 983, 992 (Miss. 1999). We find no error in refusing the instruction.
 II. Sufficiency of the evidence
¶ 14. Starks also argues that the evidence was insufficient to support his conviction. The State argues that the issue is procedurally barred for two separate reasons. First, an appellate rule requires that an appellant identify each issue separately in its brief in a "statement of issues." M.R.A.P. 28(a)(3). The sufficiency of the evidence issue is not listed in the brief on the page for the statement of the issues. However, it was listed in the table of contents as a separate issue and presented separately in the body of the brief. Whether oversight or some other explanation caused the omission in the actual statement of issues is unimportant. The purpose of the statement is notice to other parties and to the court. We find no absence of notice. We use the power granted us in a different rule to suspend the operation of Rule 28(a)(3) for good cause. M.R.A.P. 2. The fact that the State was aware of the separate argument after reading Starks's brief indicates there was no lack of notice.
¶ 15. Not to be denied, the State also argues that the issue is procedurally barred because Starks' s motion for a directed verdict did not allege a specific deficiency in the State's case. There is authority that failure to be specific can be a waiver of the issue on appeal. Banksv. State, 394 So.2d 875, 877 (Miss. 1981). After the State rested, Starks's counsel moved for a "directed verdict of acquittal as to all three counts." We find the need for specificity to have been relied upon in situations in which a narrow and not altogether obvious deficiency is suggested on appeal. E.g., Sheffield v. State, 749 So.2d 123, 126 (Miss. 1999) (in burglary appeal *Page 567 
argued that no proof offered that the building was a "dwelling"; at trial did not make that argument). Here, the failure to have direct evidence identifying Starks as a participant in the armed robbery was the obvious point of the motion and is also the argument on appeal. We will not apply a procedural bar.
¶ 16. Moreover, when reviewing the sufficiency of the evidence, we review the lower court's ruling when the last challenge was made. Wetzv. State, 503 So.2d 803, 808 (Miss. 1987). Starks made a motion for JNOV, or, in the alternative, for a new trial after the verdict was returned. In the trial brief in support of the motion, he alleged specifically that the State's evidence was insufficient to support a guilty verdict because there were no eyewitnesses that Starks committed the robberies or aided and abetted in the commission of the robberies.
¶ 17. Our standard for reviewing a challenge to the sufficiency of the evidence requires us to view the credible evidence consistent with the verdict as true. On appeal all reasonable inferences are given to the prosecution once the jury has reached the guilty verdict. We may reverse only if the evidence considered in the light most favorable to the verdict simply would not convince reasonable and fair-minded jurors of guilt. McClain v. State, 625 So.2d 774, 778 (Miss. 1993).
¶ 18. Starks was seen by security officer Talapin in the company of the man identified as the armed robber just after two of the robberies. He was arrested in the same vehicle as that identified by security officer Talapin and by the victims. Starks was the owner of the vehicle, and it contained items belonging to the victims of the armed robberies. The evidence was sufficient.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OFCONVICTION OF ARMED ROBBERY AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OFTHE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE SHALL RUNCONSECUTIVE TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED AND STARKS SHALLNOT BE ELIGIBLE FOR PAROLE. ALL COSTS OF THIS APPEAL ARE ASSESSED TOAPPELLANT.
McMILLIN, C.J., KING, P.J., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERSAND CHANDLER, JJ., CONCUR.